The rights of the seizing creditor cannot be greater than those of the debtor.

The vendee of property, on a *fi. fa.* acquires no right on property which did not belong to the debtor.

8ns336
107  283

*HEIRS OF BALLIO vs. POISSET.*

APPEAL from the court of the sixth district, the judge of the district presiding.

MATHEWS, J. delivered the opinion of the court. This suit is brought against the defendant, as debtor to the plaintiffs, on account of property by him purchased, at the sale of the succession of their mother. He pleaded a general denial, and set up as matter of defence, that the debt, which he owed, was seized in execution on a judgment obtained by A. L. Deblieux, as the property of Marcel De-Loto, the father of the petitioners, was sold, and purchased by the plaintiff in that suit, to whom he paid the sum now claimed. The plaintiffs, in the court below, obtained judgment, and the defendant appealed.

The evidence of the cause and admission of counsel show, that, after the death of Marie Ballio, wife of De Loto, the property of the community, which subsisted between them, was sold at private sale, and that the debt, claimed from the defendant, was created by a purchase of part of that property. This sale took place in 1825. In 1827, a partition was made, between the heirs of the mother

and their father. By the procedures in that

case, it appears, that the father was largely indebted to the community. It is also shown, that De Loto is insolvent.

We assume it, as undeniable, that the seizing creditor of his rights, can be considered in no better situation, in relation to those rights and credits, than De Loto himself was; and if he owed to the community, he could not take from it, until he should have paid that debt, unless his share amounted to more than he owed. Now, so far from this being his situation, it appears, that a balance still remains against him, after compensation, by the whole amount of his claims on the community. He, therefore, had no just pretension to any part of it, and consequently none of it could be legally seized and sold to pay his private debts.

In relation to the exception, taken to the opinion of the judge *a quo*, by which he refused to delay the cause, in order to allow the defendant to cite Deblieux, in warranty, we think there was no error committed. If the seizure was illegal, as being made on property, not belonging to the defendant, in execution, a sale under it could give no right to the pur-

chaser. In the present case, the debtor paid in his own wrong, to a person who had no legal right to receive payment, and who may possibly be responsible to the former, not in warranty, but in an action suited to the particular cases, which can have no connexion with the claims of the present plaintiffs.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs in both courts.

*Boyce* for the plaintiffs, *Dunn* for the defendant.